Jason D. Haymore 13236
Zakia A. Richardson 14298
Pearson Butler PLLC
1802 W. South Jordan Pkwy, Ste 200
South Jordan, UT 84095
(p)801-495-4104
Jasonh@pearsonbutler.com
Zakia@pearsonbutler.com

**IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KIMBERLY HAUSER<br>　　　　Plaintiff,<br><br>vs.<br><br>CLAIRVOLEX, INC.<br>　　　　Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.:<br><br>Honorable Judge: |

Plaintiff Kimberly Hauser ("Hauser"), by and through her undersigned counsel hereby complain against Defendant Clairvolex, Inc. ("Clairvolex") as follows:

## NATURE OF THE CASE

1. This is a proceeding to redress Clairvolex's failure to pay overtime compensation, in violation of 29 U.S.C. §§ 201 et seq., of the Fair Labor Standards Act of 1938 as amended (the "FLSA").

2. The FLSA provides for minimum standards for both wages and overtime compensation and provides remedies which include liquidated damages in an amount equal to the unpaid compensation, costs, and reasonable attorney's fees.

## PARTIES

3. Hauser is an individual residing in Salt Lake County, Utah.

4. Clairvolex is a foreign corporation with its principal place of business in California.

5.     Clairvolex is duly licensed to conduct business in the State of Utah with a registered agent address in Salt Lake County, Utah.

## JURISDICTION AND VENUE

6.     This court has jurisdiction over this action pursuant to the provisions of the FLSA, specifically, 29 U.S.C. §207 and 216. This court also has jurisdiction over this action pursuant to 28 U.S.C. §1331, because the controversy is a civil action arising under an act of congress regulating commerce.

7.     The Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

8.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because Clairvolex conducts business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

9.     Clairvolex is subject to personal jurisdiction in Utah.

## STATEMENT OF FACTS

10.    Clairvolex is an employer as defined by section 3(d) of the FLSA.

11.    Clairvolex maintained control, oversight, and direction over employee Hauser and the operations in which Hauser previously worked, including the payroll and other employment practices.

12.    Clairvolex employed Hauser from April 2016 through December 2018.

13.    Hauser's duties as an employee of Clairvolex primarily consisted of providing paralegal support services on a contract basis to Clairvolex's U.S. based clients. Hauser worked with registered attorneys working in law firms or attorneys working as in-house legal counsel.

14.    Hauser was responsible for providing paralegal support for Clairvolex's clients as-defined by the terms of Clairvolex's contract with clients. Hauser's responsibilities included:

preparing transmittal forms and documents accompanying U.S. patent application filings at various stages of patent prosecution; corresponding with Clairvolex's clients to receive instructions and report actions taken; corresponding with non-U.S. attorneys for actions to be taken in non-U.S. patent applications; and, other tasks as directed by attorneys employed by Clairvolex's clients.

15. Hauser was required to report client-billable time to client managers in India for billing to Clairvolex's clients each month.

16. Clairvolex billed clients extra for any time in excess of Hauser's contracted time for any given month.

17. Upon hiring, Clairvolex informed Hauser she would be offered a salary of $81,000 per annum and would work as an exempt employee.

18. Prior to accepting Clairvolex's offer of employment, Hauser was told by Mr. Sandeep Agarwal (CEO & President of Clairvolex Inc. at the time) that there would not be any overtime compensation.

**Overtime Hours Worked**

19. Clairvolex engaged in a policy and/or practice to require and/or cause Hauser to work over forty (40) hours per week without overtime compensation of one and one-half times the regular rate of pay in violation of the provisions of the FLSA.

20. At all relevant times while Hauser was employed by Clairvolex, Hauser was subject to the provisions of the FLSA, including the maximum hour and overtime compensation provisions contained in 29 U.S.C. §207, and not exempted therefrom.

21. Hauser consistently worked more than forty (40) hours per week, with an average of forty-five hours per week without overtime compensation.

22. Hauser consistently worked eight hours or more per day without breaks and/or lunch. Hauser was provided no resources by Clairvolex for recording total hours worked for the majority of Hauser's employment.

23. Hauser was rarely, if ever, completely relieved of duty at any point in the workday. Hauser often engaged in irregular work hours to accommodate discussions with teams in Clairvolex's office in India.

24. Hauser was required to install WhatsApp on her personal cellular phone to facilitate off-hour communication from India paralegals and colleagues.

25. Clairvolex did not pay Hauser overtime in instances when Hauser worked more than forty hours a week in a workweek, which was every week.

26. On several occasions Hauser informed her superiors at Clairvolex offices located in both the United States and India offices that she was not being compensated for overtime hours.

27. Superiors at Clairvolex responded to Hauser compensation queries by informing her that paralegals and colleagues in Clairvolex's India office(s) were working longer hours and the same was expected of Hauser. No relief was offered.

28. At a minimum, Hauser expressed concerns regarding overtime compensation with Abha Jaiswal, AVP - HR & Strategic Initiatives in Clairvolex's India office and with U.S.-based colleagues Chad Burgin, Michael Gnibus, and Adam Neville.

29. There were no Clairvolex human resource officers located in the U.S. during Hauser's employment.

30. Hauser learned that Clairvolex employed at least one other U.S. paralegal who was designated as an exempt employee in 2017.

31. Clairvolex avoided paying overtime compensation to at least one other U.S. paralegal during this time.

32. Hauser never received payment of overtime compensation for hours worked in excess of forty hours per week at Clairvolex.

33. Hauser's designation as an exempt employee was never changed during her employment at Clairvolex.

34. Clairvolex owes Hauser $11,251.50 for overtime wages.

35. Pursuant to 29 U.S.C. § 216, Clairvolex is liable for liquidated damages in an amount equal to the unpaid overtime wages.

36. Clairvolex is also liable for attorney fees and costs accumulated in redressing the unlawful employment practices.

## FIRST CAUSE OF ACTION
(Failure to Pay Overtime in Violation of the Fair Labor Standards Act)

37. Hauser incorporates the allegations of the above paragraphs herein.

38. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

39. During all relevant times, Defendant was Hauser's employer under §207(a)(2) of the FLSA. Hauser worked directly for Clairvolex, and as such, Clairvolex is an "employer" under the FLSA. Additionally, according to Section 203(d) of the FLSA, the term "Employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

40. Hauser worked overtime on a regular basis, and was entitled to, and is owed, overtime pay at the rate of one and one-half times the regular rate of pay for the hours she worked in excess of forty hours in a given work week.

41. Clairvolex failed and refused to pay overtime compensation for the hours Hauser worked.

42. This failure and refusal to pay overtime compensation as required under the FLSA was and continues to be willful, intentional, and not in good faith. See 29 U.S.C. § 255.

43. Hauser is entitled to recover all amounts of unpaid overtime wages in such amounts to be proven at trial, plus an equal amount in liquidated damages, pre- and post-judgment interest, attorneys' fees, costs associated with this action, and any other further relief this Court deems appropriate.

### SECOND CAUSE OF ACTION
(Conversion)

44. Hauser incorporates the allegations of the above paragraphs herein.

45. Hauser has the legal right of possession over the overtime compensation owed to her.

46. Clairvolex's deliberate and intentional non-payment of overtime wages to Hauser constitutes a wrongful taking of money to which Hauser is legally entitled.

47. Clairvolex's unlawful actions have permanently deprived Hauser of the use and benefit of wages and overtime compensation and has caused Hauser economic damages.

48. Clairvolex's refusal to pay Hauser the amounts owed to her constitutes the tort of conversion.

49. Hauser is entitled to recover the value of the converted amount, at least equal to the unpaid sums owed to her.

50. Hauser is also entitled to recover pre- and post- judgment interest, attorneys' fees, costs associated with this action, and any other further relief this Court deems appropriate.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

51. Hauser incorporates the allegations of the above paragraphs herein.

52. Clairvolex has unjustly enriched itself by deliberately and intentionally withholding overtime wages and regular wages that legally belong to Hauser.

53. Hauser conferred a benefit upon Clairvolex when she provided Clairvolex with her labor.

54. Clairvolex knew of, acknowledged and appreciated the benefit that Hauser conferred upon them.

55. Clairvolex accepted Hauser's work services and has been unjustly enriched.

56. Hauser is entitled to recover the value of the benefit she conferred on Clairvolex in an amount at least equal to unpaid overtime wages.

57. Hauser is also entitled to recover pre- and post- judgment interest, attorneys' fees, costs associated with this action, and any other further relief this Court deems appropriate.

## FOURTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)

58. Hauser incorporates the allegations of the above paragraphs herein.

59. As a result of the employment relationship which existed between Hauser and Clairvolex, the express and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in the implied promises, Clairvolex promised to act in good faith toward and deal fairly with Hauser. That promise required Clairvolex to:

    a. Act with good faith toward Hauser concerning all matters related to the employment;

    b. Act with fairness toward Hauser concerning all matters related to employment;

    c. Refrain from taking any action to unfairly prevent Hauser from obtaining the benefits of the employment relationship,

    d. Comply with its own representations concerning compensation;

    e.    Refrain from terminating Hauser in order to deprive her of the benefits of the agreement between her and Clairvolex, and

    f.    Give Hauser's interests as much consideration as it gave its own interests.

60.    Clairvolex's conduct towards Hauser was wrongful, in bad faith, and unfair, and therefore in violation of Hauser's legal rights.

61.    Clairvolex's breach of the implied covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Hauser; and, as a result of the unlawful conduct alleged in this complaint, Hauser has lost substantial employment benefits with Clairvolex including loss of reputation, lost wages, and other benefits to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Hauser prays for the following relief:

1. Unpaid overtime wages to be proven at trial, but which is not less than $11,251.50
2. Liquidated damages in an amount equal to the unpaid overtime wages, in an amount to be proven at trial, but which is not less than $11,251.50,
3. Attorney's fees,
4. Costs associated with this action, and
5. Any other further relief this Court deems appropriate.
6. Hauser further requests trial by jury

Dated this April 4, 2019

                                  PEARSON BUTLER PLLC

                                  /s/: *Zakia A. Richardson*
                                  Zakia A. Richardson
                                  Attorneys for Plaintiff